UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOYCE WINLAND,<br><br>                              Plaintiff(s),<br><br>         v.<br><br>HARBOR FREIGHT TOOLS USA, INC.,<br><br>                              Defendant(s). | Case No. 2:16-CV-987 JCM (GWF)<br><br>ORDER |

Presently before the court is a motion to amend the complaint filed by plaintiff Robert Winland, special administrator for the Estate of Joyce Winland ("plaintiff"). (ECF No. 21). Defendant Harbor Freight Tools USA, Inc. filed a response (ECF No. 22), to which plaintiff replied (ECF No. 24).

**I.      Facts**

This is a premises liability action involving a slip and fall that took place at defendant's retail store on December 9, 2015, which resulted in a fractured hip. Joyce Winland tripped and fell while exiting the Harbor Freight retail store in Henderson, Nevada, fracturing her hip in the fall. (ECF No. 1-1).

On April 7, 2016, Joyce Winland filed a complaint in state court alleging two causes of action: (1) negligence based on premises liability; and (2) negligent hiring, supervision, and failure to warn. (ECF No. 1-1). On May 2, 2016, defendant removed the action to federal court. (ECF No. 1).

On November 3, 2016, counsel filed a notice of suggestion of death, stating that Joyce Winland passed away unexpectedly during the pendency of the instant action on May 31, 2016. (ECF No. 18). The next day, on November 4, 2016, counsel filed a motion for substitution of

**James C. Mahan**
**U.S. District Judge**

parties, requesting the substitution of Robert Winland in place of Joyce Winland as plaintiff (ECF No. 19), which the court granted (ECF No. 20).

In the instant motion, plaintiff seeks leave to amend the complaint to add a wrongful death claim. (ECF No. 21).

## II.     Legal Standard

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The United States Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave.  In *Foman v. Davis*, the Supreme Court explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182 (1962).

Further, Rule 15(a)(1)(B) provides that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b) . . . ." Fed. R. Civ. P. 15(a)(1)(B).  Local Rule 15-1(a) states that "the moving party shall attach the proposed amended pleading to any motion to amend . . . ." LR 15-1(a).

## III.    Discussion

In the instant motion, plaintiff alleges that the decedent passed away unexpectedly on May 31, 2016, "as a result of the trip and fall incident of December 9, 2015." (ECF No. 21 at 6).  In particular, plaintiff asserts that decedent passed away while recovering from injuries sustained from the incident, which included two separate hip replacement surgeries. (ECF No. 21 at 6).  As such, plaintiff seeks leave to amend the complaint to add a wrongful death claim. (ECF No. 21).

In response, defendant argues that amendment would be futile because, according to the death certificate attached to plaintiff's motion, the cause of death was acute respiratory failure, end stage lung cancer, and emphysema. (ECF No. 22).  Defendant thus maintains that decedent died as a result of emphysema, not her hip fracture, rendering plaintiff's request to amend futile. (ECF No. 22 at 3).

**James C. Mahan**
**U.S. District Judge**

- 2 -

Defendant's argument, however, is premised on emphysema being the sole cause of death, which is not the case as the death certificate lists three causes of death: (1) acute respiratory failure; (2) end stage lung cancer; and (3) emphysema.  (ECF No. 21 at 10).

Accordingly, the court will grant plaintiff leave to amend the complaint.  Plaintiff has attached to the instant motion a proposed amended complaint as required by LR 15-1(a) and shall file an amended complaint identical to that attached within seven (7) days of the entry of this order. (ECF No. 21 at 32–36).

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to amend (ECF No. 21) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff shall file an amended complaint identical to that attached to the motion to amend (ECF No. 21 at 32–36) within seven (7) days of the entry of this order.

DATED January 12, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**