UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JOYCE WINLAND, | Case No. 2:16-CV-987 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| HARBOR FREIGHT TOOLS USA, INC., | |
| Defendant(s). | |

Presently before the court is a second motion to amend/correct complaint filed by plaintiff Robert Winland, special administrator for the Estate of Joyce Winland ("plaintiff"). (ECF No. 33).[1] No responses have been filed, and the period to do so has since passed.

Also before the court is defendant Harbor Freight Tools USA, Inc.'s ("defendant") motion for leave to file a third-party complaint. (ECF No. 34). Plaintiff filed a non-opposition response. (ECF No. 35).[2]

**I.      Facts**

This is a premises liability action involving a slip and fall that took place at defendant's retail store on December 9, 2015, which resulted in a fractured hip. Joyce Winland tripped and fell while exiting the Harbor Freight retail store in Henderson, Nevada, fracturing her hip in the fall. (ECF No. 1-1).

---

[1] Plaintiff incorrectly titled his motion as "first" rather than "second" motion to amend/correct complaint. Plaintiff's first motion to amend/correct complaint was filed November 10, 2016. (ECF No. 21).

[2] The court construes plaintiff's non-opposition as a response, not a motion. Further, pursuant to Local Rule IC 2-2(b), a separate document must be filed on the docket for each purpose. The court cannot consider plaintiff's (third) request for leave to amend/correct complaint unless it is filed separately, as a motion.

**James C. Mahan
U.S. District Judge**

On April 7, 2016, Joyce Winland filed a complaint in state court alleging two causes of action: (1) negligence based on premises liability; and (2) negligent hiring, supervision, and failure to warn. (ECF No. 1-1). On May 2, 2016, defendant removed the action to federal court. (ECF No. 1).

On November 3, 2016, counsel filed a notice of suggestion of death, stating that Joyce Winland ("decedent") passed away unexpectedly during the pendency of the instant action on May 31, 2016. (ECF No. 18). The next day, on November 4, 2016, counsel filed a motion for substitution of parties, requesting the substitution of Robert Winland in place of Joyce Winland as plaintiff (ECF No. 19), which the court granted (ECF No. 20).

On January 16, 2017, with leave of the court (ECF No. 27), plaintiff filed an amended complaint adding a claim for wrongful death. (ECF No. 28).

In the instant motions, plaintiff requests leave to file a second amended complaint to add decedent's daughter and heir Christine Lada as a plaintiff (ECF No. 33), and defendant requests leave to file a third-party complaint against UniFirst Corporation (ECF No. 34). The court will address each as it sees fit.

## II.  Legal Standards & Discussion

As an initial matter, the parties' motions (ECF Nos. 33, 34) do not comply with Local Rule IC 2-2(a)(3)(A), which provides that "[e]xhibits and attachments must not be filed as part of the base document in the electronic filing system." LR IC 2-2(a)(3)(A). Rather, "[t]hey must be attached as separate files[.]" LR IC 2-2(a)(3)(A).

Accordingly, the parties shall ensure that future filings comply with the local and federal rules as future filings that fail to do so will be stricken. *See, e.g.*, *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (holding that district courts have inherent power to control their own dockets); *see also* LR IC 7-1 ("The court may strike documents that do not comply with these rules.").

### A. Motion to Amend/Correct Complaint

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court

has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, the Supreme Court explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182 (1962). In addition, Local Rule 15-1(a) provides as follows:

> [T]he moving party must attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading. The proposed amended pleading must be complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading.

LR 15-1(a).

Pursuant to Local Rule 7-2(d), "the failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." LR 7-2(d). Thus, by failing to file a timely response, defendant has consented to the granting of plaintiff's motion to amend/correct complaint. *See United States v. Hvass*, 355 U.S. 570, 574–75 (1958) (holding that local rules have the force of law).

Plaintiff has attached the proposed second amended complaint to his motion in accordance with the local rules. Accordingly, the court will grant plaintiff's second motion to amend/correct complaint (ECF No. 33). Plaintiff shall file a second amended complaint identical to that attached to his motion to amend/correct complaint (ECF No. 33 at 36–40).

**B. Motion for Leave to File a Third-Party Complaint**

Pursuant to Rule 14(a)(1), a defending party may serve a summons and complaint on a non-party who is or may be liable to it for all or part of the claim against it. Fed. R. Civ. P. 14(a)(1). However, "the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." *Id.*

The purpose of this rule is "to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Southwest Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). The decision whether to implead a third-party defendant is at the sound discretion of the trial court. *Id.*

James C. Mahan
U.S. District Judge

- 3 -

Defendant seeks to file a third-party complaint against UniFirst Corporation ("UniFisrt"), asserting that UniFirst is responsible for placing the mat which plaintiff claims caused decedent's injuries and death. (ECF No. 34 at 5). Further, plaintiff filed a non-opposition response to defendant's motion for leave to file a third-party complaint. (ECF No. 35).

Accordingly, the court will grant defendant's motion for leave to file a third-party complaint (ECF No. 34). Defendant shall file a third-party complaint identical to that attached to its motion (ECF No. 34, exh. 1).

### III. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's second motion to amend/correct complaint (ECF No. 33) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff shall file a second amended complaint identical to that attached to his motion to amend (ECF No. 33 at 36–40) within seven (7) days of the entry of this order.

IT IS FURTHER ORDERED that defendant's motion for leave to file a third-party complaint (ECF No. 34) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant shall file a third-party complaint identical to that attached to its motion (ECF No. 34, exh. 1) within seven (7) days of the entry of this order.

DATED May 19, 2017.

_____
UNITED STATES DISTRICT JUDGE